UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RICARDO L. RIVERA
and other similarly situated individuals,

    Plaintiff(s),

v.

DECO INTERNATIONAL
SECURITY CORPORATION, and
THOMAS SANON-JULES, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, RICARDO L. RIVERA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants DECO INTERNATIONAL SECURITY CORPORATION, and THOMAS SANON-JULES, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff RICARDO L. RIVERA is a covered employee for purposes of the Act. The Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant DECO INTERNATIONAL SECURITY CORPORATION (hereinafter DECO SECURITY, or Defendant) is a Florida corporation, having a place of business in Miami

Beach, Dade County, Florida, where the Plaintiff worked. The Defendant was engaged in interstate commerce.

4. The individual Defendant THOMAS SANON-JULES was and is now, the owner/officer and manager of Defendant Corporation DECO SECURITY. Defendant THOMAS SANON-JULES is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff RICARDO L. RIVERA as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2017, (the "material time") without being properly compensated.

7. Corporate Defendant DECO SECURITY is a Florida corporation that provides security services to businesses, residential communities, institutions construction sites, etc. Defendant has offices located at 407 Lincoln Road, Suite 12-J, Miami Beach Florida 33139 where Plaintiff worked.

8. The Defendants DECO SECURITY and THOMAS SANON-JULES employed Plaintiff RICARDO L. RIVERA approximately from October 01, 2017, to September 9, 2018, or

49 weeks. In this Complaint, the Plaintiff is claiming unpaid overtime wages for 12 weeks in which he worked overtime hours on daily basis.

9. The Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had security duties. The Plaintiff was paid at the rate of $10.00 an hour. The Plaintiff's overtime rate should be $15.00 an hour.

10. Plaintiff alleges that during his employment with Defendants he worked overtime hours that were not paid to him at any rate, not even the minimum wage rate, as required by law.

11. Approximately from March to May 2018, Plaintiff was sent to work as a security guard to the World Erotic Art Museum located at 1205 Washington Avenue, Miami Beach, FL 33139.

12. At the museum, Plaintiff worked 5 days per week from 3:00 PM to 1:00 AM, or later (10 hours daily). Plaintiff completed a minimum of 50 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

13. Plaintiff worked more than 40 hours per week, he was paid regular hours, but he was not paid for overtime hours as required by law.

14. Plaintiff did not clock in and out. However, the Defendants were in complete control of the hours worked by the Plaintiff and they knew that he was working 50 or more hours per week.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained to THOMAS SANON-JULES's wife. She denied overtime pay for overtime hours.

17. Nevertheless, after Plaintiff's complaint, he suffered retaliation and he was sanctioned with a suspension of 3 weeks. Then, Plaintiff was transferred to a less convenient position where he suffered discrimination. Plaintiff was immediately terminated after complaining.

18. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours based on his recollections. At this time, Plaintiff is claiming a minimum of 12 weeks in which he worked a minimum of 10 overtime hours weekly. After discovery, Plaintiff will adjust his statement of claim accordingly.

19. Plaintiff RICARDO L. RIVERA seeks to recover overtime wages for every hour over 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

21. Plaintiff RICARDO L. RIVERA re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff RICARDO L. RIVERA as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and

reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. The Defendant DECO SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

25. The Defendants DECO SECURITY and THOMAS SANON-JULES employed Plaintiff RICARDO L. RIVERA approximately from October 01, 2017, to September 9, 2018, or

49 weeks. In this Complaint, the Plaintiff is claiming unpaid overtime wages for 12 weeks in which he worked overtime hours on daily basis.

26. The Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had duties as a security guard. The Plaintiff was paid at the rate of $10.00 an hour. The Plaintiff's overtime rate should be $15.00 an hour.

27. During his employment with Defendants, he worked overtime hours that were not paid to him at any rate, not even the minimum wage rate, as required by law.

28. Approximately from March to May 2018, Plaintiff was sent to work as a security guard to the World Erotic Art Museum located at 1205 Washington Avenue, Miami Beach, FL 33139.

29. At the museum, Plaintiff worked for approximately 12 weeks, 5 days per week from 3:00 PM to 1:00 AM, or later (10 hours daily). Plaintiff completed a minimum of 50 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

30. Plaintiff worked more than 40 hours per week, he was paid regular hours, but he was not paid for overtime hours as required by law.

31. Plaintiff did not clock in and out. However, the Defendants were in complete control of the hours worked by the Plaintiff and they knew that he was working 50 or more hours per week.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The Plaintiff was paid weekly with checks and paystubs that did not show the real number of hours worked.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, the Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on preliminary calculations. Thus, these figures are subjected to modifications after discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Thousand Eight Hundred Dollars and 00/100 ($1,800.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 49 weeks
       Total number of relevant weeks: 12 weeks
       Total number of hours worked weekly: 50 weekly minimum average
       Total number of unpaid O/T hours: 10 O/T hours
       Regular rate: $10.00 an hour x 1.5=$15.00
       O/T rate: 15.00 an hour

       $15.00 x 10 O/T hours= $150.00 weekly x 12 weeks= $1,800.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

38. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant THOMAS SANON-JULES was the owner/president and manager of DECO SECURITY. Defendant THOMAS SANON-JULES was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of DECO SECURITY concerning its employees, including Plaintiff and others similarly situated. Defendant THOMAS SANON-JULES had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

41. Defendants DECO SECURITY and THOMAS SANON-JULES willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as

required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICARDO L. RIVERA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RICARDO L. RIVERA and other similarly situated individuals and against the Defendants DECO SECURITY and THOMAS SANON-JULES based on Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff RICARDO L. RIVERA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RICARDO L. RIVERA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION

43. Plaintiff RICARDO L. RIVERA re-adopts every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

44. The employer DECO SECURITY was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r), and 203(s)(1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

45. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

46. Defendant DECO SECURITY was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

47. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

48. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

49. The Defendants DECO SECURITY and THOMAS SANON-JULES employed Plaintiff RICARDO L. RIVERA approximately from October 01, 2017, to September 9, 2018, or 49 weeks. In this Complaint, the Plaintiff is claiming unpaid overtime wages for 12 weeks in which he worked overtime hours on daily basis.

50. The Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had security duties. The Plaintiff was paid at the rate of $10.00 an hour. The Plaintiff's overtime rate should be $15.00 an hour.

51. During his employment with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even the minimum wage rate, as required by law.

52. Approximately from March to May 2018, Plaintiff was sent to work as a security guard to the World Erotic Art Museum located at 1205 Washington Avenue, Miami Beach, FL 33139.

53. At the museum, Plaintiff worked 5 days per week from 3:00 PM to 1:00 AM, or later (10 hours daily). Plaintiff completed a minimum of 50 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

54. Plaintiff worked more than 40 hours per week, but he was paid only regular hours. The overtime hours were not paid to him at any rate.

55. Plaintiff did not clock in and out. However, the Defendants were in complete control of the hours worked by the Plaintiff and they knew that he was working 50 or more hours per week.

56. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained to THOMAS SANON-JULES's wife. She denied overtime pay for overtime hours.

58. This complaint constituted protected activity under the Fair Labor Standards Act.

59. Nevertheless, after Plaintiff complained, he was sanctioned with a suspension of 3 weeks, as a retaliation for his complaints about unpaid overtime. Then he was transferred to a less convenient position and subsequently terminated after he complained about discrimination.

60. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

61. There is a proximity between the Plaintiff's protected activity and the adverse employment action. Plaintiff suffered an unfair suspension and then he was terminated.

62. Defendant DECO SECURITY willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, and then retaliated against Plaintiff by suspending him.

63. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from Defendants. In other words, the Plaintiff would not have been suspended, and terminated, but for his complaint about overtime wages.

64. Defendants' suspension and termination of the Plaintiff were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

65. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICARDO L. RIVERA respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants DECO SECURITY and THOMAS SANON-JULES that Plaintiff RICARDO L. RIVERA recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff RICARDO L. RIVERA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff RICARDO L. RIVERA demands trial by a jury of all issues triable as of right by a jury

Dated: December 16, 2020,

Respectfully submitted,

By: _/s/ Zandro E. Palma_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com

*Attorney for Plaintiff*